UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WUILSON ANTONIO BLANCO-
GRANADOS,

        Petitioner,

    v.                                      Case No.:  2:26-cv-00249-SPC-NPM

FIELD OFFICE DIRECTOR,

        Respondent,

## **OPINION AND ORDER**

Before the Court are Wuilson Antonio Blanco-Granados's Verified Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).  For the below reasons, the Court grants the petition.

Blanco-Granados is a native and citizen of Guatemala who entered the United States without inspection on November 17, 2017.  He has no criminal history, and he lives in Hollywood, Florida with and his wife and three daughters, two of whom are U.S. citizens.  On January 16, 2026, Border Patrol agents conducted a traffic stop for the purpose of an immigration inspection and arrested Blanco-Granados.  He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA")

applies to Blanco-Granados. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Blanco-Granados asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondent argues (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondent acknowledges, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Blanco-Granados's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Blanco-Granados has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondent to either bring Blanco-Granados before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Blanco-Granados to mandatory detention under § 1225(b)(2) is unlawful. If the respondent is unable to ensure Blanco-Granados receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Wuilson Antonio Blanco-Granados's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)  Within **ten days** of this Opinion and Order, the respondent shall either (1) bring Blanco-Granados for an individualized bond hearing before an

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

immigration judge or (2) release Blanco-Granados under reasonable conditions of supervision. If the respondent releases Blanco-Granados, he shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 19, 2026.

*[Signature]*
**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1